## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT, ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **JOSE RAMIREZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.** |
| **v.** | ) | |
| | ) | |
| **THE CITY OF CHICAGO, a municipal corporation;** | ) | |
| **and CHICAGO POLICE OFFICERS J. FINNIGAN** | ) | **JURY DEMANDED** |
| **#5167, J. McGOVERN #4461, MAKA #12206,** | ) | |
| **MURPHY #17790, VILLAREAL #10438, and SALINAS** | ) | |
| **#10293; COUNTY OF COOK; RICHARD A. DEVINE,** | ) | |
| **Cook County State's Attorney,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, JOSE RAMIREZ ("Ramirez"), by and through his attorneys,

the law office of **Kralovec, Jambois & Schwartz,** and for his First Amended Complaint against the

City of Chicago, Chicago Police Officers J. Finnigan #5167, J. McGovern #4461, Maka #12206,

Murphy #17790, Villareal #10438, Salinas #10293 (collectively "police officers"), County of Cook,

Richard A. Devine, Cook County State's Attorney, states as follows:

### JURSIDICTION AND VENUE

1. This action arises under the United States Constitution, particularly the Fourth, Fifth and

   Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983 and

   1988, the Constitution and the laws of the State of Illinois, and the Illinois torts of false

   arrest and imprisonment, and malicious prosecution.

2. The events complained of took place in the County of Cook, State of Illinois.

1

**PARTIES**

3. Plaintiff, JOSE RAMIREZ, is a resident of the City of Chicago, Cook County, Illinois.

4. Defendant, CITY OF CHICAGO, is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers. It is sued directly under the *Monell Count*.

5. The Defendants, duly appointed and sworn Chicago Police Officers: J. Finnigan #5167, J. McGovern #4461, Maka #12206, Murphy #17790, Villareal #10438, and Salinas #10293, are employed as agents of the City of Chicago, Chicago Police Department. They are all sued individually.

6. Defendant, COUNTY OF COOK, is the employer and principal of Defendant-State's Attorneys. It is sued directly under the *Monell Count*.

7. Defendant, RICHARD A. DEVINE, at all times relevant hereto, was duly appointed and acting Cook County State's Attorney, State of Illinois.

**FACTS**

8. These events arise from the actions of Defendant-police officers, acting on information allegedly obtained from an unknown informant while sitting in the back of a police car, that "some Mexican man" would be delivering cannabis to 2309 South Albany, Chicago, Illinois.

9. The Defendant-police officers had never met the informant before the evening of December 10, 2003 when the informant accompanied the police officers in the back of their police vehicle. Nor did the Defendant-police officers know the name of the informant.

10. On or about the evening of December 10, 2003, Defendant police officers, without a warrant, acting on uncorroborated information, illegally entered and searched the home in which Plaintiff resided, located at 2309 South Albany, Chicago Illinois.

11. Prior to the unlawful search of the Plaintiff's residence, Defendant police officers illegally searched the Plaintiff's person, seized the set of keys he had on his person, and handcuffed Plaintiff placing him in the back of an unmarked police vehicle. The keys taken from his person were then used to gain entrance to his residence.

12. At all relevant time, Defendant Chicago Police Officers were acting under color of state law. At no time did the officers announce their office, or display their police badges to Plaintiff.[1]

13. The Plaintiff was arrested and taken into custody while entering his vehicle, two doors down from his place of residence. No warrant for the Plaintiff's arrest was issued, nor was a search warrant for the Plaintiff's residence issued. At no time did the Plaintiff give the officers consent to search his residence. The Defendant-police officers arrested the Plaintiff without probable cause, and then conducted an illegal search of his residence.

14. In furtherance of the Defendants' conspiracy to cover up the illegal arrest of Plaintiff and illegal search of his residence, the Defendant-officers conspired to create false reports that Plaintiff ran from the police, and in course of running threw a green bag which contained a large amount of marijuana. They created false reports that after the Plaintiff threw the green bag, one officer opened the bag and informed the officer that it contained marijuana before his partner took the Plaintiff into custody.

15. The Defendant-officers also conspired to create false reports that a search of Plaintiff's residence was never conducted, and that Plaintiff did not have any keys on his person to open his apartment door.

16. The Defendant-officers, in furtherance of this conspiracy, knowingly filed false charges against Plaintiff, framing him for possession of a large amount of cannabis; the officers also

---

lied under oath during pre-trial and trial in furtherance of the conspiracy to violate Plaintiff's 4th, 5th, and 14th Amendment rights.

17. That the Defendant State's Attorneys and the State's Attorneys Office knew of the corrupt practices of the Defendant police officers, and knew and/or participated in an ongoing internal investigation of the Defendant police officers which eventually led to indictments of several Chicago Police Officers named herein.

18. The internal investigation of the above named Chicago Police officers and the Special Operations Section to which they were assigned was conducted prior to and during the prosecution of the Plaintiff. The State's Attorneys Office actively monitored all cases in which the Defendant Police Officers were involved without disclosing the existence or nature of the investigation to defense counsel.

19. That despite the Defendant Officers' false testimony during a motion to suppress hearing, the Cook County State's Attorneys Office vouched for the officers' credibility, thus forcing a trial on the Judge's finding of probable cause.

20. The Cook County State's Attorneys Office proceeded with the prosecution of the Plaintiff while knowing the officers were giving false testimony, and conspiring to convict the Plaintiff under fabricated charges.

21. That Defendant State's Attorneys covered up and concealed said conspiracy, and failed to disclose the existence or nature of the investigation to defense counsel, in violation of discovery procedure and *Brady v. Maryland.*

22. That after the Defendant's conspiracies could no longer be concealed, and Defendant police officers were indicted on corruption charges, the State's Attorney's Office was forced to drop felony charges in more than 100 cases.[2]

23. Based on information and belief, as a result of the officers false charges, Plaintiff was charged and prosecuted for the crime of unlawful possession of a cannabis.  The criminal proceeding was commenced on or about December 10, 2003.

24. Plaintiff was incarcerated until December 12, 2003 upon a finding of not guilty for the crime of unlawful possession of a cannabis, which proceedings resulted in Plaintiff's acquittal.

25. That at all times relevant hereto, there was in effect in the State of Illinois a limitations tolling provision entitled "Fraudulent Concealment," which provides as follows:

    § 13-215.  Fraudulent Concealment.  If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards.  735 ILCS 5/13-215.

26. That at all times relevant hereto, the State of Illinois has recognized a common law limitations tolling provision known as "Equitable Tolling," which provides that a statute of limitations may be appropriately tolled in circumstances where:  (1) a defendant has actively misled the plaintiff; and (2) the plaintiff has, in some extraordinary way, been prevented from asserting his rights in a timely manner; or (3) the plaintiff asserted his rights mistakenly in the wrong forum.   Weatherly v. Illinois Human Rights Comm'n, 338 Ill.App.3d 433, 439 (2003).

27. That the Plaintiff, JOSE RAMIREZ, did not discover his entitlement to bring this cause of action until after September 7, 2006, when he learned that the several defendants had been charged with corruption and home invasion charges, as well as other crimes.

28. That the Plaintiff is within the statute of limitations for the claims alleged herein, based upon the several defendants' overt acts of fraudulent concealment of the facts supporting the Plaintiff's claims.

**Count I:  42 U.S.C. §1983 – Illegal Search of Person: Chicago Police Officers**

1-24. The Plaintiff hereby re-alleges and incorporates paragraphs 1 through 24 of the Common Allegations as and for paragraphs 1 through 24 of this Count I as though fully set forth herein.

29. After the Defendant-police officers approached Plaintiff, they searched his person without any legal justification or probable cause.

30. The actions of the Defendant-police officers in searching Plaintiff's person without any legal justification or probable cause violated his rights under the Fourth Amendment to the Constitution of the United States, as guaranteed and made applicable to the states under the Fourteenth Amendment, to be free from unreasonable searches and seizures.

31. The search of Plaintiff's person was performed willfully and wantonly by the Defendant-police officers, individually and in conspiracy with each other, in violation of the Fourth Amendment and 42 U.S.C. § 1983.

32. As a proximate result of Defendant-police officers illegal search of Plaintiff's person, Plaintiff, RAMIREZ, was greatly injured, including deprivation of his liberty, great mental anguish and humiliation, and caused him to incur various expenses and loss of wages.

WHEREFORE, the Plaintiff, JOSE RAMIREZ, prays for judgment against the Defendants in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

**Count II:  42 U.S.C. §1983 – Illegal Search of Home: Chicago Police Officers**

1-28. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 28 of Count I, as and for paragraphs 1-28 of this Count II as though fully set forth herein.

33. The Defendant-police officers did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiff's home.

34. Notwithstanding lack of legal justification, the Defendant-police officers seized the Plaintiff's keys from his person outside the Plaintiff's residence in order to gain entry into the Plaintiff's home.

35. The actions of the Defendant-police officers in searching Plaintiff's home without legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

36. The search of Plaintiff's home was performed willfully and wantonly by the Defendant-police officers, individually and in conspiracy with each other, in violation of the Fourth Amendment and 42 U.S.C. § 1983.

37. As a direct and proximate result of Defendant-police officers illegal search of Plaintiff's person, Plaintiff, RAMIREZ, was greatly injured, including deprivation of his liberty, great mental anguish and humiliation, and caused him to incur various expenses and loss of wages.

WHEREFORE, the Plaintiff, JOSE RAMIREZ, prays for judgment against the Defendants in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

**Count III: 42 USCA §1983 – Fifth Amendment Brady Violation: Chicago Police Officers and Cook County State's Attorneys Office**

1-37. That the Plaintiff hereby re-alleges and incorporates paragraphs 1 through 37 of Count II as and for paragraphs 1 through 37 of this Count III as though fully set forth herein.

38. That at all relevant times hereto, and internal investigation of the Chicago Police Department's Special Operations Section was commenced prior to the arrest and prosecution of RAMIREZ. The State's Attorneys Office actively monitored all cases in which the Defendant Police Officers were involved without disclosing the existence of, or nature of, the investigation to the Plaintiff.

39. That the Cook County State's Attorneys Office knew of the Defendant police officer's corrupt practices, false reports, and false testimony. That despite this knowledge, the Cook County State's Attorneys Office proceeded with the prosecution of the Plaintiff.

40. That despite false testimony presented by the Defendant police officers, the Cook County State's Attorneys Office actively concealed the conspiracy to convict the Plaintiff and fabricate evidence.

41. That at all times relevant hereto, pursuant to the Fourth Amendment of the United States Constitution, the Plaintiff, JOSE RAMIREZ, had an absolute right to be free from the unreasonable seizure of her person, absent probable cause to believe she had committed a crime.

42. That at all times relevant hereto, pursuant to the Fifth and Fourteenth Amendments of the United States Constitution, the Plaintiff, JOSE RAMIREZ, possessed an absolute right to due process of law prior to the deprivation of life, liberty or property.

43. That at all times relevant hereto, pursuant to the Fourteenth Amendment of the United States Constitution, the Plaintiff, JOSE RAMIREZ, had a right to Due Process of Law.

44. That pursuant to *Brady v. Maryland,* 373 U.S. 83, Illinois Supreme Court Rule 412, and federal law, a duty exists on behalf of prosecutors and police officers to disclose the existence of, and to produce, exculpatory evidence favorable to the accused, where such evidence is material either to guilt or to punishment.

45. That at all times relevant hereto, the Defendants suppressed and concealed the knowledge and nature of the internal investigation into corruption with the Chicago Police Department's Special Operations Section from the Plaintiff, and parties acting on her behalf, including but not limited to the attorneys appointed to represent the Plaintiff in the criminal proceedings.

46. That at all times relevant hereto, the Defendants suppressed and concealed the policy of monitoring all cases for which the Defendant police officers were involved from the Plaintiff, and parties acting on her behalf, including but not limited to the attorneys appointed to represent the Plaintiff in the criminal proceedings.

47. That on and after August 13, 2002, and at all times relevant hereto, the Defendants breached their duty under *Brady* and other federal law by suppressing, concealing, and withholding exculpatory information and evidence favorable to the Plaintiff, JOSE RAMIREZ, which could have affected, and did affect, the outcome of the Plaintiff's criminal case.

48. At all times relevant hereto, the Defendants fraudulently concealed exculpatory information and evidence necessary to ensure the Plaintiff's, JOSE RAMIREZ's, receipt of a fair and

9

impartial trial guaranteed by the Fourth and Fourteenth Amendments of the United States

Constitution.

49. That at all times relevant hereto, the Defendants showed a reckless indifference to the Plaintiff's

federal Constitutional rights.

50. At all times relevant hereto, the Defendant police officers and Cook County State's Attorneys

acted under the color of state law.

51. That as a direct and proximate result of the malicious acts of the Defendants in suppressing,

concealing, and withholding exculpatory evidence, the Plaintiff sustained injuries, including but

not limited to physical and emotional pain and suffering; loss of reputation in the community;

loss of income; and loss of personal liberties and freedom as she was denied her Constitutional

rights and was incarcerated for thirteen months.

52. That the Plaintiff brings this Count III against the Defendants as a constitutional tort claim

under 42 USCA §1983 for the Defendant's actions in denying the Plaintiff her right to Due

Process right, denying the Plaintiff her right to a Fair Trial, and for *Brady* violations, seeking any

and all damages provided for by law.

WHEREFORE, the Plaintiff, JOSE RAMIREZ, prays for judgment against the Defendants

in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately

compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

### Count IV: 42 U.S.C. § 1983 – *Monell* Claim against the City of Chicago

1-52. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 52 of Count III, as and for

paragraphs 1-52 of this Count IV as though fully set forth herein.

53. The Constitutional violations detailed above were made possible for the Defendant-police

officers to perpetrate because of the practices, policies, and customs of the Chicago Police

Department, whereby the CITY OF CHICAGO failed to instruct, supervise, control, and discipline the defendant officers in a timely manner.

54. At all times relevant to this Complaint, there existed in the City of Chicago the following practices, policies, and customs:

    a.  Stopping, detaining, arresting, and searching civilians without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

    b.  Searching civilians' vehicles without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

    c.  Searching civilians' homes without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

    d.  Arbitrary use of excessive force against arrestees, detainees, and other civilians;

    e.  Denial of substantive due process, abuse of legal process, malicious prosecution, and filing of false charges against innocent persons;

    f.  Mental abuse, oral abuse and assault of arrestees, detainees, and other civilians;

    g.  Preparing false and incomplete police reports to cover up police misconduct including unconstitutional searches and seizures;

    h.  Not preparing police reports, and false denial that an incident of misconduct even took place, in an attempt to suppress and conceal police misconduct including unconstitutional searches and seizures;

    i.  Filing false police charges and pursuing baseless prosecutions in order to protect police officers from claims of improper conduct and avoid liability;

j.  A *code of silence* in which police officers fail to report police misconduct including the type of misconduct alleged by Plaintiff in this Complaint, and described in sub-paragraphs a – i above;

k.  Said *code of silence* also includes police officers either remaining silent of giving false and misleading information during official investigations to cover up misconduct, and protect themselves and other officers;

l.  Failure to adequately train, supervise, and discipline police officers in the categories and fields of police work addressed in paragraphs a – k above;

m.  Failure to adequately train and supervise police officers to rectify the malfeasance described in paragraphs a – l above;

n.  Failure to adequately investigate citizen complaints against police officers for the type of misconduct alleged by Plaintiff in this Complaint;

o.  Failure to adequately discipline police officers for the type of misconduct alleged by Plaintiff in this Complaint;

p.  Through the Office of Professional Standards (OPS), conducting inherently deficient investigations of citizen complaints of police misconduct in which an officer is disciplined in a miniscule percentage of cases, thereby encouraging even more police misconduct;

q.  Failure to deter police officers from the type of misconduct alleged in this Complaint, and described in sub-paragraphs a – k above, by its lack of discipline for police misconduct, and defective OPS investigations.

55. The actions of the Defendant-police officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the *de facto* practices, policies, and customs of the City of Chicago, the Chicago Police Department, and its police officers.

56. One or more of the following entities, authorities, or officials are responsible for the policies, practices, and customs alleged above:  the Mayor of Chicago, the City Council, the alderman, the Chicago Police Department, the Chicago Police Board (to which the City of Chicago has delegated *de jure* final policy-making authority for the Chicago Police Department), the members of the Chicago Police Board, the Office of Professional Standards, and Chicago Police Department Superintendent, (to whom the City of Chicago has delegated *de facto* final policy making authority for the Chicago Police Department regarding the matters complained of herein).

57. The practices, policies, and customs described above are widespread, well settled, and were known, or should have been known, to the municipal policy-makers of the City of Chicago.

58. The municipal policy makers acted with deliberate indifference to the rights of Plaintiff in maintaining, overlooking, and preserving the unconstitutional practices, policies, and customs delineated above.

59. By their inaction and failure to correct the above-described practices, policies, and customs, municipal policy-makers tacitly approved and thus indirectly authorized the type of misconduct Plaintiff complains of herein.

60. As a direct and proximate result of these failures, Plaintiff was greatly injured, including the deprivation of his liberty and property.  In addition, the violations proximately caused the Plaintiff great mental anguish and humiliation, and caused him to incur various expenses, all to his damage.

13

WHEREFORE, the Plaintiff, JOSE RAMIREZ, prays for judgment against the Defendants in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

## Count V: Illinois False Arrest and Imprisonment:

## Chicago Police Officers and Cook County State's Attorneys Office

1-60.  Plaintiff hereby re-alleges and incorporates paragraphs 1 through 60 of Count IV, as and for paragraphs 1-60 of this Count V as though fully set forth herein.

61. Count V of this Complaint is an Illinois common law action for false arrest and false imprisonment asserted against the Defendant-police officers and their employer, and the City of Chicago.  This Court has jurisdiction of this claim under 28 U.S.C. § 1367.

62. The actions and omissions by the Defendant-police officers described above were undertaken within the scope of their employment as police officers of the City of Chicago.

63. The Defendant-police officer's seizure and arrest of the Plaintiff without a warrant, probable cause, or exigent circumstances was intentional, willful, wanton, unreasonable; they denied Plaintiff his personal liberty against Plaintiff's will, and they constitute the tort of False Arrest and False Imprisonment under Illinois law.

64. Further, Defendants knew or should have known of the ongoing investigation into police misconduct and illegal activity regarding one or more of the Defendant-police officers, and Plaintiff was prosecuted for a crime which he neither committed, nor was their reasonable suspicion that he did commit a crime.

65. As a direct and proximate result of the Defendant's unlawful arrest and false imprisonment, Plaintiff was greatly injured, including the deprivation of his liberty and property.  In

addition, the violations proximately caused the Plaintiff great mental anguish and

humiliation, and caused him to incur various expenses, all to his damage.

WHEREFORE, the Plaintiff, JOSE RAMIREZ, prays for judgment against the Defendants

in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately

compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.


**Count VI:  Illinois Malicious Prosecution:**

**Chicago Police Officers and Cook County State's Attorneys Office**

1-65. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 65 of Count V, as and for

paragraphs 1-65 of this Count VI as though fully set forth herein.

66. Count VI of this Complaint is an Illinois common law action for malicious prosecution

asserted against the Defendant-police officers and their employer, and the City of Chicago.

This Court has jurisdiction of this claim under 28 U.S.C. § 1367.

67. The actions and omissions by the Defendant-police officers described above were

undertaken within the scope of their employment as police officers of the City of Chicago.

68. The Defendant-police officers' actions and inactions in falsifying police reports, fabricating

inculpatory evidence, providing false information and evidence to the local prosecutor,

perjured testimony, and filing a false complaint against Plaintiff, without probable cause,

were the direct and proximate cause of Plaintiff being falsely charged with and prosecuted

for the criminal offense of unlawful possession of a controlled substance.

69. The Defendant-police officers actions and inactions in causing Plaintiff to be falsely charged

with and prosecuted for the criminal offense were intentional, malicious, willful, wanton,

unreasonable, and without probable cause.  They denied Plaintiff of his personal liberty

15

against Plaintiff's will, and they constitute the tort of malicious prosecution under Illinois law.

70. The City of Chicago is sued in this count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of Defendant City of Chicago, and while in the scope of employment.

71. As a direct and proximate result of the Defendant's unlawful arrest and false imprisonment, Plaintiff was greatly injured, including the deprivation of his liberty and property. In addition, the violations proximately caused the Plaintiff great mental anguish and humiliation, and caused him to incur various expenses, all to his damage.

WHEREFORE, the Plaintiff, JOSE RAMIREZ, prays for judgment against the Defendants in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

## Count VII: U.S.C. § 1983 – *Monell* Claim against Cook County and Cook County State's Attorney Richard A. Devine

1-71. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 71 of Count VI, as and for paragraphs 1-71 of this Count VII as though fully set forth herein.

72. The actions of Defendant-police officers were done with actual or constructive knowledge of Defendant County of Cook, the Cook County State's Attorneys Office and Richard A. Devine pursuant to one or more of the following *de facto* police's, customs, or practices of Defendant Cook County, and its State's Attorney's Office, including:

    a.   That the State's Attorneys were aware of or should have been aware of the practice of unlawful arrests and illegal searches, corruption, kidnapping, and delivery of

16

narcotics conducted by the Chicago Police Officers assigned to the Special

Operations Section;

b. That the State's Attorney's were aware or should have been aware of an ongoing

investigation into the Special Operations Section of the Chicago Police Department

and reported acts of corruption and other crimes;

c. That while having knowledge of the practice among the Special Operations Section,

and the ongoing investigation, the State's Attorney proceeded to prosecute innocent

victims of Special Operations Section officer's false reports;

d. That the State's Attorneys proceeded to wrongfully prosecute and convict innocent

victims after becoming aware of the *de facto* policies, customs, and practices of the

City of Chicago, through their own related *de facto* policies, customs, and practices

of failing to investigate this policy and practice, suppressing and covering up

evidence favorable to the defendants, and of continuing to maliciously prosecute.

73. The actions of the Defendant County of Cook and Cook County State's Attorneys as alleged

in this Complaint were done pursuant to, and as a result of, one or more of the *de facto*

practices, policies, and customs of the County of Cook and Cook County State's Attorneys

Office.

74. As a direct and proximate result of the Defendant's unlawful arrest and false imprisonment,

Plaintiff was greatly injured, including the deprivation of his liberty and property. In

addition, the violations proximately caused the Plaintiff great mental anguish and

humiliation, and caused him to incur various expenses, all to his damage.

WHEREFORE, the Plaintiff, JOSE RAMIREZ, prays for judgment against the Defendants in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as hereinabove alleged.

**Count VIII: 745 ILCS 10/9-102 Claims Against the City and County**

1-74. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 74 of Count VII, as and for paragraphs 1-74 of this Count VIII as though fully set forth herein.

75. Defendant City of Chicago is the employer of Defendants Finnigan, McGovern, Maka, Murphy, Villareal, and Salinas at all times relevant and material to this Complaint.

76. Defendants committed the acts alleged above under the color of law and in the scope of their employment as employees of the City of Chicago.

77. Defendant Cook County and it's State's Attorneys' Office was the employer of Defendants Devine, Flaherty, and Stevens.

78. These Defendants committed the acts alleged above under the color of law and in the scope of their employment as employee's of Cook County and its State's Attorneys' office.

WHEREFORE, the Plaintiff, JOSE RAMIREZ, pursuant to 745 ILCS 10/9-102, prays for judgment against the Defendants City of Chicago, Cook County and it's State's Attorneys' Office, in the amounts awarded to Plaintiff against the individual Defendant's as damages, attorney's fees, costs and interest and for whatever additional relief as this Court deems equitable and just.

Respectfully submitted,

/s/ Michael S. Shinsky

Michael S. Shinsky
Attorney for the Plaintiff
**KRALOVEC, JAMBOIS & SCHWARTZ**
60 West Randolph Street, 4th Floor
Chicago, Illinois 60601
(312) 782-2525

18

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT, ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **JOSE RAMIREZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.** |
| **v.** | ) | |
| | ) | |
| **THE CITY OF CHICAGO, a municipal corporation;** | ) | |
| **and CHICAGO POLICE OFFICERS J. FINNIGAN** | ) | **JURY DEMANDED** |
| **#5167, J. McGOVERN #4461, MAKA #12206,** | ) | |
| **MURPHY #17790, VILLAREAL #10438, and SALINAS** | ) | |
| **#10293; COUNTY OF COOK; RICHARD A. DEVINE,** | ) | |
| **Cook County State's Attorney,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT

I, Michael S. Shinsky, the affiant on oath, states:

The total of money damages sought in this matter does exceed $50,000.00

Respectfully submitted,

/s/ Michael S. Shinsky
Michael S. Shinsky
Attorney for the Plaintiff

**KRALOVEC, JAMBOIS & SCHWARTZ**
60 West Randolph Street, 4th Floor
Chicago, Illinois 60601
(312) 782-2525

19