IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSE RAMIREZ,                          )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )    No. 08 C 5119
                                       )
THE CITY OF CHICAGO, et al.,           )
                                       )
        Defendants.                    )

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Richard A. Devine's (State's Attorney), and the County of Cook's (County) (collectively referred to as "County Defendants") motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

# BACKGROUND

Plaintiff Jose Ramirez (Ramirez) alleges that on December 10, 2003, the Defendant Chicago Police Officers J. Finnigan, J. McGovern, Maka, Murphy, Villareal, and Salinas (collectively referred to as "Defendant Officers") were acting on information received from an informant concerning an alleged "Mexican man" who was going to take part in a drug deal. (A. Compl. Par. 8). Defendant Officers

allegedly arrested Ramirez when he was trying to enter his vehicle near his residence. Ramirez claims he was placed under arrest in the squad car and Defendant Officers searched his person and took his keys. Defendant Officers then allegedly searched Ramirez's residence without a warrant. Ramirez contends that, in order to cover up the alleged illegal arrest and search, Defendant Officers conspired to create false police reports. The reports stated that Ramirez ran from the police and that, while running, he threw away a green bag containing marijuana. Ramirez claims that Defendant Officers also allegedly filed false charges against Ramirez to further cover up the illegal search.

Ramirez also claims that the Assistant State's Attorney (ASA) that worked on the criminal case brought against Ramirez and the State's Attorney's Office knew of Defendant Officers' alleged corrupt practices and knew of an ongoing internal investigation of Defendant Officers. The ASA allegedly vouched for Defendant Officers' credibility at the motion to suppress hearing and proceeded with the trial while knowing that Defendant Officers were giving false testimony. The ASA also allegedly covered up the conspiracy and investigation of Defendant Officers, and failed to produce *Brady* materials during the criminal case brought against Ramirez. Ramirez contends that he was found not guilty and was acquitted for his alleged crime. Ramirez also specifically acknowledges in his amended complaint that he brought claims beyond the statute of limitations, but he argues that the accrual of the claims should have been tolled due to fraudulent concealment by Defendants.

In Ramirez's amended complaint, he includes claims brought against

Defendant Officers under 42 U.S.C. § 1983 (Section 1983) alleging illegal search of person (Count I), Section 1983 illegal search of home claims brought against Defendant Officers (Count II), Section 1983 Fifth Amendment *Brady* violation claims brought against Defendant Officers and the State's Attorney (Count III), a Section 1983 *Monell* claim relating to Counts I-III brought against Defendant City of Chicago (City) (Count IV), state false arrest and imprisonment claims brought against Defendant Officers and the State's Attorney (Count V), state malicious prosecution claims brought against Defendant Officers and the State's Attorney (Count VI), a Section 1983 *Monell* claim brought against the City (Count VII), and indemnification claims brought against the City and County pursuant to 745 ILCS 10/9-102 (Count VIII). On June 1, 2009, Ramirez voluntarily dismissed pursuant to settlement all claims brought against Defendant Officers and the City. The only remaining claims are those brought against the State's Attorney and the County.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative

3

facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it

4

is enough to set out a claim for relief").

# DISCUSSION

I. Section 1983 Claims

County Defendants argue that the Section 1983 claims brought against them should be dismissed.

A. Statute of Limitations

County Defendants argue that Ramirez's Section 1983 claims are barred by the statute of limitations. The statute of limitations for Section 1983 claims in Illinois is two years. *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008)(citing 735 ILCS 5/13-202).

1. Resolution of Issue at Motion to Dismiss Stage

County Defendants argue that the court can rule on the statute of limitations at the motion to dismiss stage. Ordinarily, a plaintiff is not required in his complaint to "anticipate or overcome affirmative defenses such as the statute of limitations" and "[a]s a result, a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006). However, a court may dismiss an action based on a statute of limitations defense "when the plaintiff effectively pleads

h[im]self out of court by alleging facts that are sufficient to establish the defense."
*Id.*; *see also Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008)(stating that "[a] statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations")(internal quotations omitted).

In the instant action, Ramirez specifically raises the statute of limitations issue in his amended complaint. (A. Compl. Par. 24-28). Ramirez alleges that he was arrested and the criminal proceeding was initiated against him in December 2003. (A. Compl. Par. 10, 23). The instant action was not brought until September 2008, over four years later. In regard to the rest of Ramirez's allegations of misconduct, Ramirez acknowledges in his amended complaint that all of his Section 1983 claims were brought beyond the statute of limitations, but argues that his claims are timely since the statute of limitations should have been equitably tolled. (A. Compl. Par. 24-28). Thus, based on the allegations in the complaint it is clear that the instant action was brought beyond the two year statute of limitations period for Section 1983 claims.

We also note that the record before us includes a copy of the Certified Statement of Conviction/Disposition for the criminal case brought against Ramirez that Defendant Officers attached to their original motion to dismiss. (Off Dis. Ex. A). The statement indicates that Ramirez was found not-guilty on August 26, 2005.

(Off Dis. Ex. A). Since this record is a document in the public record we can also consider it in ruling on a motion to dismiss brought pursuant to Rule 12(b)(6). *See Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994)(stating that "'[t]he district court may also take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment")(quoting in part *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)). If Ramirez was acquitted in August 2005, all claims relating to the criminal proceedings were beyond the two year statute of limitations period in September 2008 when this case was brought by Ramirez.

      2. Equitable Tolling

Ramirez argues that the accrual of the statute of limitations for his Section 1983 claims should have been equitably tolled due to Defendants' alleged fraudulent concealment. The doctrine of equitable estoppel (also referred to as fraudulent concealment) tolls the accrual of a claim for the statute of limitations "if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990); *see also* 735 ILCS 5/13-215. Under the separate doctrine of equitable tolling, the accrual of a claim for statute of limitations is tolled "if despite all due diligence" the plaintiff "is unable to obtain vital information bearing on the existence of his claim." *Cada*, 920 F.2d at 451.

7

### a. Concealment of Cause of Action

In the instant action, Ramirez alleges that the accrual of the statute of limitations should be equitably tolled under the doctrine of equitable estoppel because Ramirez "did not discover his entitlement to bring this cause of action until after September 7, 2006, when he learned that the several defendants had been charged with corruption and home invasion charges, as well as other crimes." (A. Compl. Par. 27). Ramirez claims that the State's Attorney also concealed the existence of the internal investigation being conducted regarding Defendant Officers and that Ramirez "is within the statute of limitations for the claims . . . based upon the several defendants' overt actions of fraudulent concealment of the facts supporting the Plaintiff's claims." (A. Compl. Par. 18, 25-28). Ramirez argues that Defendants are guilty of an "[a]ctive concealment of a cause of action and exculpatory evidence" and that "is sufficient to toll the limitations period." (Ans. County Dis. 8). However, neither the allegations in the amended complaint nor the answer to County Defendants' motion to dismiss include any facts that would indicate that any Defendants concealed the existence of Ramirez's claims from him. Generally, a plaintiff must indicate additional misconduct by the defendant to warrant invocation of the equitable tolling doctrines. *See Cada*, 920 F.2d at 451 (stating that "[f]raudulent concealment in the law of limitations presupposes that the plaintiff has discovered, or, as required by the discovery rule, should have discovered, that the defendant injured him, and denotes efforts by the defendant-above and beyond the wrongdoing upon which the plaintiff's claim is founded-to

prevent the plaintiff from suing in time"). Thus, Ramirez must allege more than merely the underlying misconduct in this case concerning his arrest and prosecution in order to show that the accrual of the statute of limitations should be tolled.

Generally, a statute of limitations accrues "when the plaintiff has 'a complete and present cause of action'" which is "when 'the plaintiff can file suit and obtain relief. . . .'" *Wallace v. Kato*, 549 U.S. 384, 388 (2007)(quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.,* 522 U.S. 192, 201 (1997))(stating that "[t]here can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date"); *Shropshear v. Corporation Counsel of City of Chicago*, 275 F.3d 593, 597 (7th Cir. 2001)(stating that "[a]ny deliberate or otherwise blameworthy conduct by the defendant that causes the plaintiff to miss the statutory deadline can be the basis for a defense of equitable estoppel in federal limitations law"); *Lawshe v. Simpson*, 16 F.3d 1475, 1478 (7th Cir. 1994)(indicating that "[s]tate law determines the appropriate limitations period for § 1983 actions, but federal law determines when a federal cause of action accrues, and thus when the limitations period begins" and that "Section 1983 claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated"). In the instant action, according to Ramirez's own allegations, he should have been aware of the alleged misconduct by Defendants when the criminal proceedings were commenced against him. Ramirez has not explained how the fact that there may have been ongoing internal

9

investigations regarding Defendant Officers would have affected Ramirez's belief that Defendant Officers were lying about the December 2003 incident, that the ASA was vouching for their allegedly false testimony, and that the ASA and Defendant Officers were prosecuting Ramirez for false charges. Ramirez, according to his own allegations, should have been aware of the alleged harm to himself, when he was arrested and by the time the criminal proceedings were initiated. Ramirez has not explained how anything done by Defendants could have prevented such a realization by Ramirez. Thus, Ramirez's own allegations demonstrate that Defendants did not conceal from Ramirez the existence of the potential causes of action that are brought in the instant action.

    b. Fear of Reprisal

Ramirez also argues that he was justified in delaying the initiation of the instant action because of fear of reprisal by Defendant Officers. Ramirez argues such intimidation by Defendants would be wrongful conduct aimed at inhibiting Ramirez in bringing a case and would be sufficient to render the doctrine of equitable estoppel appropriate in this instance. Ramirez contends that Defendant Officers were part of a group of officers that were indicted for conduct such as planting drugs on innocent persons. Ramirez also makes statements about Chicago police officers in general, indicating that they "have unique power over individuals, including the power to abuse their authority. . . ." (Ans. County Dis. 6). Ramirez argues that "[a]s a result, due to the unique power the Officers had over Ramirez, he was clearly

10

prevented from asserting his rights until the SOS officers were indicted and he no longer feared future torment." (Ans. County Dis. 6)(internal quotations omitted). However, Ramirez has failed to point to any precedent that holds that a general fear of police reprisal is sufficient to equitably toll claims brought against police officers for misconduct. In fact, if that were true, all any plaintiff bringing a Section 1983 claim against law enforcement would ever have to do to successfully bring an untimely claim would be to assert a generalized fear of reprisal. *See, e.g., Czemerynski v. Wilson*, 1993 WL 53578, at *1 (10th Cir. 1993)(unpublished) (indicating that a conclusory statement by an inmate about fear of retaliation by prison officials against the inmate was not sufficient to toll the statute of limitations); *Little v. Peach County School Dist.*, 2009 WL 198003, at *5 (M.D. Ga. 2009)(stating that "the Eleventh Circuit Court of Appeals has stated that a 'purported fear of retaliation . . . is not a ground for equitable tolling'")(quoting in part *Carter v. West Publ'g Co.*, 225 F.3d 1258, 1264 (11th Cir. 2000)). Ramirez has not included any allegations in his amended complaint or in his answer to suggest that Defendants ever made any contact with Ramirez after the day of the arrest or that any Defendants ever made any threat expressly or impliedly to Ramirez to discourage him from bringing the claims in the instant action. Also, although Ramirez contends that Defendant Officers "terrorize[d] Ramirez and other innocent citizens," (Ans. County Dis. 6), Ramirez has not shown that he had any reasonable basis to feel inhibited in bringing the Section 1983 claims in the instant action. Thus, Ramirez has not provided sufficient justification to show that the accrual of the statute of limitations

should be equitably tolled.

### c. Shropshear and Cook Cases

Ramirez argues that this case is analogous to *Shropshear v. Corporation Counsel of City of Chicago*, 275 F.3d 593 (7th Cir. 2001) and *Cook v. City of Chicago*, 06 C 5920 (June 11, 2007 order, Northern District of Illinois). (Ans. County Dis. 5-8). Ramirez cites *Shropshear* for the proposition that "[a]ny deliberate or otherwise blameworthy conduct by the defendant that causes the plaintiff to miss the statutory deadline can be the basis for a defense of equitable estoppel in federal limitations law." 275 F.3d at 597. However, in the instant action, even if we accept as true at the motion to dismiss stage the allegations of Defendants' blameworthy conduct involving the searches, the arrest, the prosecution of Ramirez, and the concealment of information, Ramirez has not presented any facts to suggest that such conduct caused Ramirez to miss the statutory deadline for his Section 1983 claims. As explained above, Ramirez has not pointed to any concealment or wrongdoing that would have caused him to delay the filing of his Section 1983 claims. Thus, the instant action is distinguishable from *Shropshear*.

Ramirez also points to an order issued in *Cook v. City of Chicago* on June 11, 2007 in case number 06 C 5930. Ramirez argues that "equitable estoppel was applied for similar reasons in another case involving the SOS." (Ans. County Dis. 7). Ramirez contends that "[t]he police conduct at issue in this case is virtually identical to the conduct at issue in *Cook*." (Ans. County Dis. 7). However, the facts

12

in *Cook* are markedly different than in this case. In *Cook*, the defendant officer and other officers allegedly forced their way into the plaintiff's home without lawful justification. (6/11/07 OP 2). The officers allegedly proceeded to beat the plaintiff in front of the plaintiff's wife and children. (6/11/07 OP 2). Before leaving the home, the officers allegedly threatened the plaintiff with harm if he made trouble by complaining about the incident, telling the plaintiff he would lose his job and end up in prison. (6/11/07 OP 2). Despite the alleged threats, the plaintiff allegedly proceeded to report the incident and the investigator that responded to the complaint allegedly told the plaintiff to drop the case or he would face retribution by the police. (6/11/07 OP 2). The judge in *Cook* found the alleged wrongful conduct by the police sufficient to warrant equitably tolling the statute of limitations. (6/11/07 OP 4). In the instant action, unlike in *Cook*, Ramirez's allegations do not suggest that Defendant Officers or any of Defendants made any threats to Ramirez to discourage him from bringing complaints about the police action. According to Ramirez's own version of events, after Defendant Officers filed criminal charges against Ramirez, the case proceeded to a trial and he was acquitted. Ramirez's allegations do not suggest any threats of retribution by Defendants if Ramirez chose to bring the instant claims. Thus, the instant action is distinguishable from *Cook*. Based on the above, it is clear that Ramirez's Section 1983 claims brought against County Defendants are time-barred. Therefore, based on the above, we grant County Defendants' motion to dismiss the Section 1983 claims brought against them.

B.  Eleventh Amendment Protection

County Defendants also argue that to the extent that Section 1983 claims are brought against the State's Attorney in his official capacity, such claims are barred by the Eleventh Amendment. The Eleventh Amendment generally "bars actions in federal court against a state, state agencies, or state officials acting in their official capacities. . . ." *Peirick v. Indiana University-Purdue University Indianapolis Athletics Dept.*, 510 F.3d 681, 695 (7th Cir. 2007). The Seventh Circuit has indicated that "state's attorneys are state officials." *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 265 (7th Cir. 1999). Thus, in the instant action, the State's Attorney would be protected by the Eleventh Amendment in his official capacity. Ramirez has not shown otherwise and has not shown that any of the exceptions to the Eleventh Amendment are applicable in this case. *See, e.g., Peirick*, 510 F.3d at 695. Thus, the Section 1983 claims brought against the State's Attorney in his official capacity are barred by the Eleventh Amendment. Therefore, even if the Section 1983 claims were timely, the official capacity claims brought against the State's Attorney would be dismissed.

II.  Remaining State Claims

County Defendants argue that the remaining state claims are tort claims brought against the State of Illinois and a state officer for damages and thus the Illinois Court of Claims has exclusive jurisdiction over the claims. We agree that this court lacks jurisdiction over such claims and the Illinois Court of Claims has

14

exclusive jurisdiction over such claims. 745 ILCS 5/1; 705 ILCS 505/8(d) *See also Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003)(indicating that a state's rules of immunity are binding on a federal court in regard to state causes of action). Therefore, we grant County Defendants' motion to dismiss the remaining state claims.

We also note that even if we had jurisdiction over the state claims, County Defendants contend that the remaining state claims are barred by the statute of limitations. The statute of limitations under Illinois law for personal injury torts such as false arrest, false imprisonment, and malicious prosecution is two years. 735 ILCS 5/13-202. As explained above, Ramirez brought the instant action beyond the two-year window for all his claims and he acknowledges such in his amended complaint. Also, as is explained above, Ramirez has not pointed to evidence that would warrant tolling the statute of limitations for any claims based on fraudulent concealment. Ramirez has failed to provide justification for bringing his state law claims beyond the limitations period and they are therefore time-barred. Thus, even if we had jurisdiction over the remaining state claims, the claims would be time-barred.

## CONCLUSION

Based on the foregoing analysis, we grant County Defendants' motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 1, 2009